UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BASSETT TRANSPORTATION, INC., et al.,

Plaintiffs,

v.

CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND,

Defendant.

Case No. 1:26-cv-2039

Honorable Robert J. Jonker

# OPINION

Plaintiffs Bassett Transportation, Inc. ("Bassett"), McKinley Trucking Co., Inc. ("McKinley") and K.P. Equipment Company ("K.P. Equipment") are related transportation companies that formerly operated in Michigan. Plaintiffs filed this action against Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") to vacate an arbitration award entered against them in favor of the Pension Fund involving a "withdrawal liability assessment." Plaintiffs Bassett and McKinley initiated the underlying arbitration proceeding in Chicago but—after they failed to obtain the relief they sought there—they filed an action in this Court to avoid the unfavorable result. The Pension Fund moves for transfer to the Northern District of Illinois in accordance with the same forum-selection clauses and arbitration agreements under which Plaintiffs brought their underlying arbitration claim. The Court concludes that the Pension Fund's motion to transfer has merit.

## I. BACKGROUND

Plaintiffs "are three related Michigan companies" that have been dissolved for several years (Opp., ECF No. 11 at PageID.267). Plaintiff Bassett executed "collective bargaining agreements" that required it to contribute to the Pension Fund on behalf of its covered employees (Shepard Aff., ECF No. 8-1 at PageID.128). The Pension Fund "is a multiemployer pension plan" governed by ERSIA "that is administered at its offices" in Chicago, Illinois (*id.*).

### A. Relevant Arbitration Agreements and Forum-Selection Clauses

In 2014 and 2016, Plaintiff Bassett and the Pension Fund executed two Participation Agreements and an associated Trust Agreement (*id.*). These agreements include arbitration and forum-selection clauses (*id.* at PageID.128–129). The Trust Agreement's forum-selection clause designates the United States District Court for the Northern District of Illinois as the forum for lawsuits filed by former fund participants like Plaintiff Bassett (*id.*; Trust Agreement, ECF No. 8-1 at PageID.172) The clause applies to any lawsuit challenging "any action or decision of the . . . [Pension] Fund of any nature, including but not limited to suits challenging the assessment or collection of withdrawal liability" (*id.*; Trust Agreement, ECF No. 8-1 at PageID.172).

Under the Participation Agreements, Plaintiff Bassett agreed to be bound by the Trust Agreement and the Pension Fund's Plan (Shepard Aff., ECF No. 8-1 at PageID.128). The Plan includes additional arbitration and forum-selection clauses (*id.* at PageID.128–129; Plan, ECF No. 8-2 at PageID.198). Specifically, the Plan provides for arbitration of disputes involving withdrawal liability, expressly states that "all arbitrations . . . shall be conducted in Chicago, Illinois," and further states that "[a]ny actions pursuant to . . . 29 U.S.C. §1401(b)(2), to enforce, vacate or modify any awards entered in such arbitrations shall be filed in the United States District Court for the Northern District of Illinois, Eastern Division" (Shepard Aff., ECF No. 8-1 at PageID.128; Plan, ECF No. 8-2 at PageID.198).

### B. The Arbitration Proceedings and Award

Plaintiffs Bassett and McKinley initiated the arbitration proceedings that give rise to this action in Chicago in accordance with the terms of the arbitration and forum-selection clauses noted above (Compl., ECF No. 1 at PageID.4; Mot., ECF No. 8 at PageID.110–113). Plaintiffs Bassett and McKinley were represented by the same Chicago-based attorney who represents them in this matter (Mot., ECF No. 8 at PageID.113, 121). On July 9, 2026, the arbitrator "issued a final award holding that a 2010 ownership transfer that severed McKinley from Bassett's control group should be disregarded under ERISA . . . causing [Plaintiffs] Bassett, McKinley, and K.P. [Equipment] to be jointly and severally liable for $3,996,764.01 in withdrawal liability" (Opp., ECF No. 11 at PageID.268–269 (citing Arbitration Award, ECF No. 1-3 at PageID.51)). Plaintiffs "filed this action the day after the [arbitration] award [issued], seeking to modify and vacate it and invoking" this Court's "jurisdiction under 29 U.S.C. § 1401(b)(2)" (Opp., ECF No. 11 at PageID.269).

### C. Procedural Posture

Plaintiffs filed their Complaint on July 10, 2026 (Compl., ECF No. 1). On August 7, 2026, the Pension Fund moved under 28 U.S.C. § 1404(a) to transfer this case to the Northern District of Illinois (Mot., ECF Nos. 7 & 8). Plaintiffs filed a response in opposition on September 4, 2026 (Opp., ECF No. 11). The Pension Fund filed a reply on September 25, 2026 (Reply, ECF No. 15). After reviewing the submissions of the parties, the Court concludes oral argument is unnecessary to resolve the issues presented. *See* W.D. Mich. LCivR 7.2(d).

## II. LEGAL STANDARD

A federal district court may transfer any civil action to another federal district where the lawsuit might have been brought. 28 U.S.C. § 1404(a). Even if venue is proper in the initial forum, a court may still transfer the action to any other court where venue is proper "for the convenience of the parties and witnesses" and "in the interest of justice." *Id.* "[D]istrict courts

have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62–63 (2013); *see also Lakeside Surfaces, Inc. v. Cambria Co., LLC*, 16 F.4th 209, 214–15 (6th Cir. 2021) ("A typical forum-non-conveniens analysis has three components: (1) the court determines the degree of deference owed the plaintiff's forum choice, and then asks if the defendant has met its burden of (2) showing an adequate alternative forum, and (3) showing that the plaintiff's chosen forum is unnecessarily burdensome based on a balancing of public-interest and private-interest factors.").

"The calculus changes, however, when there is a valid and enforceable forum-selection clause." *Lakeside*, 16 F.4th 209 at 215. "In such cases . . . courts consider arguments only under the public-interest factors, treating the private-interest factors as 'weigh[ing] entirely in favor of the preselected forum.'" *Id.* (quoting *Atl. Marine*, 571 U.S. at 63–64). The movant must "show that the public-interest factors defeat dismissal, and they rarely will." *Id.* "A valid forum-selection clause should be given controlling weight" in deciding a motion to transfer venue under § 1404(a) "in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 63; *see also Boling v. Prospect Funding Holdings*, *LLC*, 771 F. App'x 562, 568 (6th Cir. 2019) ("Public-interest factors . . . will rarely defeat a transfer motion, and thus the practical result is that forum-selection clauses will almost always control."). "Because the presence of a valid and enforceable forum-selection clause alters the type of forum-non-conveniens analysis a court must apply, it follows that a court must first—before balancing the forum-non-conveniens factors—determine whether a forum-selection

clause" is mandatory, applicable, valid, and enforceable. *See Lakeside*, 16 F.4th at 215; *Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 326 (6th Cir. 2024).

## II. ANALYSIS

The parties agree that venue is proper in this Court, and they do not dispute that venue would also be proper in the Northern District of Illinois given that the Pension Fund is administered in that district. *See* 28 U.S.C. § 1404(a); 29 U.S.C. § 1451(d). The three Plaintiffs here are differently situated for purposes of the above legal standard applicable to a motion to transfer under Section 1404(a) (*see* Mot., ECF No. 8 at PageID.111–115). The Court will first analyze the motion as to Plaintiff Bassett, after which the Court will examine whether transfer is appropriate as to Plaintiffs McKinley and K.P. Equipment.

### A. Motion to Transfer as Relevant to Plaintiff Bassett

Plaintiff Bassett does not dispute that it executed agreements with the Pension Fund that included forum-selection clauses (*see* Opp., ECF No. 11 at PageID.268 (admitting that "Bassett dealt with the [Pension] Fund by contract" and "executed participation agreements" with the Pension Fund)). Plaintiff Bassett admits that the "Trust Agreement contains a forum clause providing that a lawsuit" brought by Plaintiff Bassett to challenge relevant Pension Fund actions "must be filed only in the United States District Court for the Northern District of Illinois" (*id.*). And Bassett admits that the Pension Fund's Plan "directs that actions under 29 U.S.C. § 1401(b)(2) be filed there as well" (*id.*). This is a Section 1401(b)(2) action (Compl., ECF No. 1 at PageID.6).

That said, Plaintiff Bassett asserts that the Trust Agreement's forum-selection clause is not "applicable" to this dispute. *Id.* at PageID.270; *Firexo*, 99 F.4th at 326 ("[A]pplicability and enforceability are separate questions under the Sixth Circuit's approach to analyzing forum-selection clauses."). Plaintiff Bassett misapprehends the law that controls the Court's "applicability" analysis (*see* Opp., ECF No. 11 at PageID.268 (arguing without citation to relevant

authority that the Court should apply Michigan law)). The Court looks to "federal common law rules of contract interpretation" in analyzing the applicability of forum-selection clauses set forth in agreements and plan documents governed by ERISA. *See Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 556 (6th Cir. 1998) (en banc) ("Because the Plan is governed by ERISA, we apply federal common law rules of contract interpretation in" analyzing the Plan's language). "The general principles of contract law dictate that we interpret the Plan's provisions according to their plain meaning, in an ordinary and popular sense." *Id.*

Plaintiff Bassett argues that this action challenges "an arbitrator's decision regarding the propriety of a stock transfer," which is "not a category the Trust Agreement designates for litigation in Illinois" (Opp., ECF No. 11 at PageID.271). But Plaintiff Bassett admits that the forum-selection clause in the Trust Agreement applies by its own terms to "[*a*]*ny lawsuit*" brought by a former participant like Plaintiff Bassett "challenging *any action or decision* of the . . . [Pension Fund] *of any nature*, *including but not limited to* suits challenging the assessment or collection of withdrawal liability" (*id.* (citing Trust Agreement, ECF No. 8-1 at PageID.172–173) (emphasis added)). Even though the applicability and enforceability of materially similar forum-selection clauses are routinely litigated in district courts around the country, Plaintiff Bassett does not cite a single case indicating that this clause's broad language fails to apply to the dispute at issue here under "federal common law rules of contract interpretation." *See Perez*, 150 F.3d at 556.

Instead, Plaintiff Bassett argues that because the forum-selection clause in the Trust Agreement lists a handful of examples of covered disputes, and because it does not list a dispute like the present one with sufficient particularity, "the doctrine of expressio unius" indicates this dispute was "intentionally excluded" from the clause's scope (Opp., ECF No. 11 at PageID.271). To describe this argument as grasping at straws would significantly overstate the tensile strength

of the analysis. "The expressio unius canon applies only when circumstances support a sensible inference that the term left out must have been meant to be excluded." *NLRB v. SW General*, 580 U.S. 288, 302 (2017). The phrase "including, but not limited to" in the forum-selection clause here renders the list non-exclusive and renders the canon inapplicable under any plain and ordinary reading. *See id.*; *Samantar v. Yousuf*, 560 U.S. 305, 317 & n.10 (2010) ("[U]se of the word 'include' [often] signal[s] that the list that follows is meant to be illustrative rather than exhaustive."); *Cintech Indus. v. Bennett Indus.,* 85 F.3d 1198, 1202 (6th Cir. 1996) (rejecting the argument that an interpretive canon limited contract language "to those instances expressly set forth in the clause" because "[n]umerous courts have found that the use of the words 'including, but not limited to' reflect[s] . . . a contrary intent"); *Perez*, 150 F.3d at 556.

Plaintiff Bassett's applicability argument fails for an independently sufficient reason. As noted by the Pension Fund, Plaintiffs "acknowledge" the existence of a second, relevant forum-selection clause in the Plan, separate and distinct from the clause in the Trust Agreement, but they offer "no argument—or response to the Pension Fund's arguments—with respect to it." *See* Reply, ECF No. 15 at PageID.298–299; *cf. Gonzalez-Servin v. Ford Motor Co.*, 662 F.3d 931, 934 (7th Cir. 2011) (Posner, J.) ("The ostrich is a noble animal, but not a proper model for an advocate.").

The Plan's forum-selection clause provides for arbitration of disputes involving withdrawal liability, expressly states that "all arbitrations . . . shall be conducted in Chicago, Illinois," and further states that "[a]ny actions pursuant to . . . 29 U.S.C. §1401(b)(2), to enforce, vacate or modify any awards entered in such arbitrations shall be filed in the United States District Court for the Northern District of Illinois, Eastern Division" (Shepard Aff., ECF No. 8-1 at PageID.128; Plan, ECF No. 8-2 at PageID.198). Plaintiffs admit this is just such an action (Opp., ECF No. 11 at PageID.269 ("Plaintiffs filed this action the day after the award, seeking to modify and vacate

it and invoking the Court's jurisdiction under 29 U.S.C. § 1401(b)(2).")). The Court concludes that the Plan's forum-selection clause, like the forum-selection clause in the Trust Agreement discussed above, is "applicable" and required Plaintiff Bassett to bring this action in the Northern District of Illinois. Plaintiffs have waived any argument to the contrary.[1] And Plaintiff Bassett does not dispute that these two applicable forum-selection clauses are mandatory, valid, and enforceable. *See Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 311 (6th Cir. 2024).

Given the existence of an applicable forum-selection clause, the Court may only consider public-interest factors in connection with the Pension Fund's motion to transfer as relevant to Plaintiff Bassett, "treating the private-interest factors as 'weigh[ing] entirely in favor of the preselected forum.'" *Lakeside*, 16 F.4th 209 at 215 (quoting *Atl. Marine*, 571 U.S. at 63–64). Relevant "public-interest factors include administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home . . . [;] and the unfairness of burdening citizens in an unrelated forum with jury duty." *Lakeside*, 16 F.4th at 215 n.2. "The Court must also consider public-interest concerns, such as systemic integrity and fairness, which come under the rubric of interests of justice" and "judicial economy." *Keene, Inc. v. United States Gypsum Co.*, No. 1:24-CV-1877, 2025 WL 1182476, at *2, *4 (N.D. Ohio Apr. 22, 2025) (collecting federal authorities). "The Court need not discuss each factor; it should focus its analysis on those factors that are particularly relevant." *Id.* "A valid forum-selection clause should be given controlling weight" in deciding a motion to transfer under § 1404(a) "in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 63.

---

[1] *See Am. Elec. Power v. Fitch*, No. 22-3005, 2022 WL 3794841, at *6 (6th Cir. Aug. 30, 2022) ("[A] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority, forfeits the point."); *Patterson v. Stryker Emp. Co.*, No. 1:24-CV-708, 2026 WL 1410166, at *8 (W.D. Mich. May 12, 2026) (noting that a party "may not . . . give only cursory treatment of an issue [without] . . . supporting authority").

This is not an exceptional case. No evidence in the record indicates that "court congestion" requires this case to remain in the Western District of Michigan. *See Lakeside*, 16 F.4th at 215 n.2. Plaintiff Bassett ceased operating in Michigan years ago, whereas the Pension Fund still operates in Chicago, arguably indicating that transfer would vindicate "local interest in the matter" and avoid "unfairness" in unduly "burdening local citizens with jury duty" unrelated to those local interests. *See id.*; *cf. The Painting Co. v. Dist. Council No. 9*, *Int'l Union of Painters & Allied Trades*, No. 2:07-CV-550, 2008 WL 4449262, at *22 (S.D. Ohio Sept. 30, 2008) (recognizing the public interest in "protect[ing] the financial integrity of pension funds by allowing these funds to bring collection suits in their home districts"). The applicable forum-selection clauses here "should be given controlling weight" with respect to Plaintiff Bassett. *See Atl. Marine*, 571 U.S. at 63; *see also Boling*, 771 F. App'x at 568 ("Public-interest factors . . . will rarely defeat a transfer motion, and thus the practical result is that forum-selection clauses will almost always control.").

**B. Motion to Transfer as Relevant to Plaintiffs McKinley and K.P. Equipment**

Turning to Plaintiffs McKinley and K.P. Equipment, the Pension Fund acknowledges that these Plaintiffs did not execute the agreements that contain the forum-selection clauses discussed above (Reply, ECF No. 15 at PageID.298–299). Although the Pension Fund argues that the forum-selection clauses nevertheless bind these Plaintiffs under the "closely related" doctrine, the Court need not reach this argument (*see id.*).[2] The factors relevant to the Section 1404(a) motion weigh

[2] The Pension Fund notes that Plaintiffs have failed to respond to the "closely related" argument with respect to the forum-selection clause set forth in the Plan, resulting in waiver (Reply, ECF No. 15 at PageID.298 ("Notably, Plaintiffs only argue that McKinley and K.P. Equipment are not bound by the *Trust Agreement*; Plaintiffs make no argument that McKinley and K.P. Equipment are not bound by the *Plan* . . . . [Plaintiffs acknowledge] the Plan's forum selection clause's existence but . . . [make] no argument—or response to the Pension Fund's arguments—with respect to it. As such, Plaintiffs have waived any argument that McKinley and K.P. Equipment (or Bassett, for that matter) are not bound by the Plan and its forum selection clause.")).

in favor of transfer even if the Court assumes that the forum-selection clauses at issue do not apply to Plaintiffs McKinley and K.P. Equipment.

As an initial matter, the parties agree that this case "involves no discovery, testimony, or trial," indicating that "the private-interest factors are [largely] neutral" here. *See* Opp., ECF No. 11 at PageID.267; *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998) (noting that a plaintiff's choice of venue should be given some weight but that it is not dispositive); *cf. Steelcase, Inc. v. Central States, Southeast & Southwest Areas Pension Fund*, No. 20-cv-864, ECF No. 19 at PageID.250 (W.D. Mich. July 26, 2021) ("[This] action . . . does not require access to witnesses or other sources of proof, so many of the private interest factors relating to such concerns do not apply."). The "locus of arbitration is Chicago, which is under the jurisdiction of the Northern District of Illinois," and the Pension Fund "at issue here is administered and managed in Chicago," indicating that the few relevant "private interest factors [weigh in favor of] the Northern District of Illinois [as] a convenient forum for both parties and [that] the matter should be transferred." *See Steelcase,* No. 20-cv-864, ECF No. 19 at PageID.250–251.

Turning to the public interest factors, the Court again notes that several of these "factors are neutral given the unique nature of this action." *Id.* at PageID.251. Relevant "public-interest factors include . . . court congestion [and] the local interest in having localized controversies decided at home," *Lakeside*, 16 F.4th at 215 n.2, along with "systemic integrity and fairness, which come under the rubric of interests of justice [and] . . . judicial economy." *Keene, Inc. v. United States Gypsum Co.*, No. 1:24-CV-1877, 2025 WL 1182476, at *2, *4 (N.D. Ohio Apr. 22, 2025) (collecting federal authorities). "Judicial economy, alone, can be enough to justify a transfer." *See Anderson v. Wyant*, No. 1:16-CV-874, 2017 WL 5904347, at *2 (W.D. Mich. Nov. 30, 2017).

As relevant to judicial economy, Plaintiffs suggest that applying the forum-selection clauses noted above to sever "Bassett would force two courts to decide identical issues." *See* Opp., ECF No. 11 at PageID.278; *Bennett v. Am. Online, Inc.*, 471 F. Supp. 2d 814, 816 (E.D. Mich. 2007) ("Courts ought not transfer parts of actions when to do so effects a severance and requires a plaintiff to litigate in two forums."). But this argument has things backwards. Given the Supreme Court's directive that a "valid forum-selection clause should be given controlling weight in all but the most exceptional cases," *see Atl. Marine*, 571 U.S. at 63 (cleaned up), the only practicable way to avoid severing Plaintiff Bassett is to grant the Pension Fund's motion to transfer with respect to all three Plaintiffs (*see* Reply, ECF No. 15 at PageID.305 ("[S]ince Bassett *must* litigate this matter in the Northern District of Illinois, the obvious solution is for this entire matter to be transferred there.")).

The remaining public interest factors that apply here largely support transfer. With respect to the "local interest" factor, the Pension Fund notes that "Plaintiffs have been dissolved for nearly a decade," whereas "the Pension Fund is an active entity operating in Chicago, servicing tens of thousands of beneficiaries that rely on the Pension Fund collecting monies (including the withdrawal liability at issue here) in order to pay benefits" (Reply, ECF No. 15 at PageID.305). *See Lakeside*, 16 F.4th at 215 n.2. And the Pension Fund cites authority indicating that a "strong public policy" favors allowing a fund to litigate in its home district because doing so helps "preserv[e] . . . fund assets" (Reply, ECF No. 15 at PageID.305).[3] The parties also agree that the

[3] *See The Painting Co.*, 2008 WL 4449262 at *22 ("This court recognizes . . . Congress's intention to protect the financial integrity of pension funds by allowing these funds to bring collection suits in their home districts."); *Cent. States, Se. & Sw. Areas Pension Fund v. Mills Invs., LLC*, No. 11 C 3297, 2011 WL 4901322, at *4 (N.D. Ill. Oct. 14, 2011) ("[T]he interest of justice does not support transfer [out of the fund's home state] due to the strong public policy concerns regarding preserving ERISA fund assets."); *Cent. States, Se. & Sw. Areas Pension Fund v. O'Brien & Nye Cartage Co.*, No. 06 C 4988, 2007 WL 625430, at *6 (N.D. Ill. Feb. 22, 2007) ("Courts have

Western District of Michigan is slightly more congested than the Northern District of Illinois given this district's unusually high number of weighted filings per judgeship at the present time (*see* Mot., ECF No. 8 at PageID.123 (referencing statistical data published by the United States Courts)). At bottom, the relevant public and private interest factors weigh in favor of transfer.

## III. CONCLUSION

The Court's review of the factors relevant to the Pension Fund's Section 1404(a) motion, particularly the interests of justice and judicial economy, establishes that transfer is appropriate here. Accordingly:

**IT IS ORDERED** that Defendant's motion to transfer this case to the United States District Court for the Northern District of Illinois (ECF No. 7) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall TRANSFER this case to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).

Dated: November 1, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge

recognized that in ERISA actions brought by the funds to collect contributions, the interests of justice are served where the transaction costs of the employee benefits funds are minimized.").